**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**DIVISION**
**CASE NO.** 0 1 7 5

MAGISTRATE JUDGE SELTZER

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LORENA A. PEELER
Defendant.
________________________________/

00 FEB -2 PM 4:09

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2803.90, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $1927.09, plus interest thereafter on this principal from January 20, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.



4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $4730.99, plus interest at 8.00 percent per annum on the principal amount of $2803.90, from January 20, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 31 day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: ______________________________

Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Lorena A. Peeler
N/A
2651 Grant St
Hollywood, FL 33020

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07-09-99.

On or about 03-18-88, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Meritor Savings Bank, F.A. - Harrisburg, PA at 8% percent interest per annum. This loan obligation was guaranteed by (PHEAA) Pennsylvania Higher Education Assistance Agency and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09-20-89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,803.90 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 12-02-98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,803.90 |
| Interest: | $1,807.25 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total debt as of 07-09-99: | $4,611.15 |

Interest accrues on the principal shown here at the rate of $0.61 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 8/6/99

Name: [signature]
Title: Loan Analyst
Branch: Litigation Branch

GOVERNMENT
EXHIBIT
A

# GUARANTEED STUDENT LOAN APPLICATION

The Pennsylvania Higher Education Assistance Agency — Commonwealth of Pennsylvania
Loan Guaranty Division, 660 Boas St., Harrisburg, Pennsylvania 17102-1398.

88021979 — 29618 — MAR 25 198

THE PENALTY FOR SUBMISSION OF FRAUDULENT INFORMATION ON THIS FORM MAY BE REPAYMENT OF TRIPLE ANY AMOUNT OF MONEY RECEIVED PLUS A FINE AND/OR IMPRISONMEN

## PART A — STUDENT INFORMATION

PRESS FIRMLY WITH BALL-POINT PEN — READ INSTRUCTIONS BEFORE COMPLETING PAR

1. Student's Social Security Number: 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
2. Student's First Name: LORENA — M.I.: A — Last Name: PEELER
3. Student's Birthdate: Month 02 Day 06 Year 67
4. Permanent Home Address: 45 NW 121 ST — Apt. No.: — City: MiAmi — State: FL — Zip Code: 33168
5. Area Code-Phone No. for Item 4: 305 754 6474
6. Agency Use Only
7. Pennsylvania Driver's License No.: N/A
8. Student's State of Permanent Residence (a) See Key A for State Code: FL (b) Since Month 01 Year 71
9A. Student's Citizenship Status (See instructions) [X] (a) U.S. Citizen/National [ ] (b) Eligible Non-citizen
9B. Student's Alien Registration Number: A
10A. Major Course of Study Code (See Key B): 24
10B. Expected Date of Completion of Program: Month 08 Year 88
11. While in school, you intend to live (check) [ ] With Parents [X] Off-Campus [ ] On-C
12. Prior to the academic year for which this loan is requested, have you ever been enrolled in any school beyond the high school level? (Check answer) [X] Yes [ ] No
13. Have you ever defaulted on a previous student loan or a PLUS loan? (Check answer) [ ] Yes [X] No
14. Term of Enrollment Covered by this Loan: Beginning Month 05 Year 88 — Ending Month 08 Year 88
15. Loan Amount Requested Dollars: $ 2625
16. [ ] Yes [X] No (Check one) Do you currently have Guaranteed Student Loans, PLUS/SLS loans, or Consolidation Loans from a State other than PA or from an Agency other than PHEAA? If answer is "No", proceed to Item 17. If "Yes", list below all such educational loans. If you checked "yes" because you currently have a Consolidation Loa the instructions. Attach a separate sheet if more space is required.

| A) Lender/Holder Name, City, and State | B) Circle Name of Loan Program | C) Total Amount Owed (Dollars Only) | D) If a GSL, Circle Interest Rate |
|---|---|---|---|
| 1 | GSL PLUS/SLS | $ | 7% 8% 9% |
| 2 | GSL PLUS/SLS | $ | 7% 8% 9% |
| 3 | GSL PLUS/SLS | $ | 7% 8% 9% |
| 4 | GSL PLUS/SLS | $ | 7% 8% 9% |

E) Are any loans listed for any part of the sa enrollment period covered by this loan rec
GSL? [ ] Yes [X] No Amount $ 0
PLUS/SLS? [ ] Yes [X] No Amount $ 0

17. References — You must provide 2 separate references with different addresses (please print). All references must be in the United States and be at different addresses

| Name | Street, City, State, Zip | Area Code/Phone No. |
|---|---|---|
| Elizabeth Benson | 3651 N.W. 19 St Miami FlA 33125 | (305) 634-5702 |
| NANCY Hines | 540 N.W. 130 St Miami FlA 33168 | (305) 685-3368 |

18. Name of College or School you will attend for the term shown in Item 14.
School Name: NATIONAL School of Technology — School Division or Campus: N.M.B. — City: MiAmi — St

### Promissory Note for a Guaranteed Student Loan

I. PROMISE TO PAY: I, the undersigned (the student borrower), identified in Part A, Item 2, for value received, promise to pay to the order of the Lender or to a subsequent holder the principal sum equal to the Loan Amount Requested in Part A, Item 15 of the Application, which is hereby incorporated by reference in this Promissory Note, or any such lesser amount which is advanced to me and identified to me in the Loan Guaranty Notice and Disclosure Statement, plus interest as set forth in Paragraph II, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs, including attorney's fees and court costs, that are permitted by Federal law and regulations for the collection of these amounts.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSOR BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTH ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, TH GUARANTY NOTICE AND DISCLOSURE STATEMENT, AND ANY AGREEMENT I SIGN. BY THIS PROMISSORY NOTE, I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY MY SIGNATURE CERTIFIES THAT I HAVE READ, UNDERSTOOD, AND AGREED CONDITIONS AND AUTHORIZATIONS STATED IN THE GSLP BORROWER CERTIF PRINTED ON THE REVERSE SIDE

SIGN HERE ▶ Lorena A. Peeler — Student Borrower's Signature — Date Compl. Mo 03 Day 18

STUDENT: Terms of the Promissory Note continue on the reverse side. Detach and keep copy D. Send copies A, B, and C to your school.

## PART B — SCHOOL INFORMATION TO BE COMPLETED BY SCHOOL

(Instructions on reverse of co

C1. Loan Term Dates (See instructions): Beginning Date Month 05 Day 02 Year 88 — Ending Date Month 08 Day 26 Year 88
C2. Date of Expected Graduation from Postsecondary School: Month 06 Year 88
C3. School Name and Address: PHEAA Scho 1881 — NATIONAL SCHOOL OF TECHNOLOG 16150 N.E. 17th AVE. N. Miami Bch., FL. 33162
C4A. Student's Enrollment Status Code (See Key C4A): A
C4B. Student's Progress Code (See Key C4B): A
C5A. Student's Grade Level Code (See Key C5A): 01
C5B. Dependency Status (Check one) (See instructions) [ ] Dependent [X] Independent
C5C. Adjusted Gross Income Dollars $ 0
C6. Estimated Education Costs For Period in C1 Dollars $ 5218
C7A. Estimated Other Financial Aid For Period in C1 Dollars $ 625
C7B. Expected Family Contribution (EFC) (See instructions) Dollars $ 550
C8. Costs Less Aid Less EFC (C6 less C7A less C7B) Dollars $ 4C
C9. [ ] Yes [X] No Does the student owe a refund on grants previously received under Title IV of the Higher Education Act of 1965, as amended, or is the student in default on any loan made under a Title IV loan program (GSL, PLUS, SLS, Perkins Loan (NDSL), Consolidation Loan, Income Contingent Loan)?
C10A. [ ] Yes [X] No If the amount indicated in Item C7A is gr than zero, is any of this amount SEOG, Perkins Loan, a Health Professions Stu Loan, or a Nursing Student Loan?
C10B. Dollars $ — If you have already certified the applicant's eligibility through a guarantor other than PHEAA for the term shown in Item C1 under the GSLP, indicate the applicant's remaining eligibility, if any, under the GSLP.
C11. I hereby certify that the above student is in a program of study t eligible for the Guaranteed Student Loan Program. I FURTHER CEF THAT THE INFORMATION GIVEN ABOVE IS TRUE, COMPLETE CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF

Lender Name and Address — M44805 Lender Code

Meritor Savings Bank, F.A.
P.O. Box 8132
Harrisburg, PA 17105

[signature] SIGNATURE AND TITLE OF SCHOOL OFFICIAL
(305) 949-9500 AREA CODE/TELEPHONE NUMBER — Month 03 Day 21

SCHOOL: Retain Copy C and have the student return Copies A and B to the lender.

# [illegible]dditional Terms of the Promissory Note for a Guaranteed Student Loan

[illegible] agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date the Lender advances the loan until the loan is paid in full. The applicable [illegible] the same as the applicable interest rate on my other Guaranteed [illegible] outstanding and have an interest rate of 7%, 8% [illegible] my interest rate on this loan will be [illegible] Statement identifies the applicable interest rate [illegible] collect from me any interest which the U.S. Government [illegible] described in Paragraph III [illegible] may either [illegible] in accordance with regulations [illegible] to the principal balance due to be [illegible] period begins, I will pay all the interest [illegible] on this loan prior to the repayment period [illegible]

[illegible] Paragraph IX in this Note.

[illegible] periodic installments during a repayment [illegible] period, or (2) in full immediately [illegible] My grace period is that period of time which [illegible] at least one-half the normal full-time academic [illegible] of Education for participation in [illegible] Statement will identify the length of my [illegible] in writing that the grace period be shortened [illegible]

**[illegible]URANCE PREMIUM:** [illegible] not equal to the insurance premium [illegible] in order to obtain PHEAA's guarantee of this loan. The [illegible] premium will be identified to me in the Loan Guaranty Notice [illegible] Disclosure Statement. The Lender will withhold the premium from the principal amount of [illegible] in multiple installments, the Lender will deduct the [illegible] from the principal amount of each disbursement.

**[illegible]NATION FEE:** [illegible] not to exceed the percentage of the loan amount [illegible] of the origination fee will be identified to [illegible] Note and Disclosure Statement. The Lender will withhold this fee from [illegible] principal amount of the loan. If the Lender disburses the loan in multiple installments, the [illegible] will deduct this fee [illegible] of each disbursement.

**[illegible] CHARGES AND COLLECTION COSTS:** [illegible] the following amounts if delinquent [illegible] payments when due or if this Note is declared in default: (1) A late charge not to exceed [illegible] payment not received by the Lender within 10 days after [illegible] unless deferred [illegible] to have the payment deferred as described [illegible] Paragraph IX in this Note. (2) Reasonable collection costs incurred by the Lender [illegible] These costs may include attorney's fees, court costs [illegible] of telegrams and long-distance telephone calls. (3) Collection costs which do not [illegible] if this loan is referred for collection [illegible] agency that is subject to the Fair Debt Collection Practices Act.

**[illegible] PREPAYMENT:** [illegible] may at my option and without penalty, prepay all or any part of the principal [illegible] accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned [illegible] I have paid.

**[illegible]. REPAYMENT:** The particular terms and conditions of repayment that apply to this loan will be [illegible] separate document known as a repayment disclosure (PHEAA Form 600R) that [illegible] Lender will provide to me promptly just before the repayment period begins.

[illegible] repay this loan [illegible] period that generally lasts at least 5 years but not more than 10 years [illegible] shorter than 5 years, the Lender may grant [illegible] shorter than 5 years if this is necessary to ensure that [illegible] spouse and I have GSLP or PLUS/SLS [illegible] loans outstanding) pay toward principal and interest at least $600 or the unpaid balance [illegible] all holders of my (our) GSLP and [illegible] SLS loans. Any period described [illegible] of this Note or any period for which [illegible] in determining the 5- and 10-year periods [illegible]

[illegible] has been declared in default. Acceptance by the Lender of any delinquent payments [illegible] shall not constitute [illegible] waiver of any of the Lender's [illegible]

**[illegible]EFERMENT:** If I am [illegible] July 1, 1987 [illegible] defer payment of principal on my loan after the repayment period begins under any of the following circumstances: (1) While I am engaged in (a) full-time study at a school that is participating [illegible] United States and am studying at a school not [illegible] United States [illegible] study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies); [illegible] I am not a national of the United States and am studying at a school not located in the United States; (c) an eligible graduate fellowship [illegible] eligible rehabilitation training program for disabled individuals [illegible] for periods not exceeding 36 months (for each of the following) while I am (a) on active duty status in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service; (b) serving as a volunteer under the Peace Corps Act, if I have agreed to serve for a term of at least one year; (c) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of [illegible] (ACTION programs), if I have agreed to serve for a term of at least one year; (d) performing [illegible] volunteer service which the U.S. Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs [illegible] under Section 501(c)(3) of the Internal Revenue Code of 1954 [illegible] totally disabled, as established by a sworn affidavit of a qualified physician [illegible] employment because [illegible] by a sworn affidavit [illegible] of the following [illegible] seeking but unable to find full-time employment [illegible] In addition to the above deferments [illegible] for a period [illegible] 1986 [illegible] the above [illegible] any of the following circumstances [illegible] that is participating in the GSLP [illegible] while I am [illegible] of the United States [illegible] officer in the [illegible] full-time teacher [illegible] as defined by the U.S. Secretary of [illegible] am providing care [illegible] as established by a [illegible] months if I am a mother with [illegible] and am being paid at a rate that is not more than $1.00 above the [illegible] prescribed by the Fair Labor Standards Act of 1938 [illegible] I am pregnant or caring for a newborn [illegible] placement of [illegible] employed [illegible] months at least half-time [illegible] school participating in the GSLP [illegible] A "new borrower" is one who has no outstanding balance on a GSLP [illegible] Loan on the date he or she signs the [illegible] beginning on or after [illegible] 1987 [illegible] and provide my Lender with all documentation required by the regulations governing the GSLP. I understand that I must notify my Lender [illegible] entitling me to the deferment no longer exist. The terms for deferment set forth [illegible] are not applicable after [illegible] default.

**X. FORBEARANCE:** Should I experience [illegible] may request [illegible] the Lender may grant [illegible] made, a longer period of time [illegible] which [illegible] installments that originally agreed upon.

**XI. TRANSFER OF NOTE:** This Note may be transferred to a holder [illegible] transfer shall not affect the rights and responsibilities of the parties [illegible] is not intended to be a negotiable instrument and a subsequent holder [illegible] a holder in due course. The Lender will notify me [illegible]

**XII. CANCELLATION:** The obligation to repay the loan evidenced by this Note shall [illegible] upon submission to the Lender of documentation of my death; (2) upon [illegible] PHEAA of the statement of a qualified physician verifying my total and permanent disability; (3) upon submission to PHEAA of proof that the obligation has been discharged in bankruptcy.

**XIII. DEFAULT:** Default means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Secretary of Education or PHEAA finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that the failure persists for [illegible] days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments. If I default on this loan: (1) the Lender may declare the entire unpaid amount [illegible] interest, immediately due and payable [illegible] or PHEAA may [illegible] I have attended [illegible] to receive assistance from any of the following Federal programs: Pell [illegible] Educational Opportunity Grant, College Work-Study, State Student Incentive Grant [illegible] arship, Perkins Loan (formerly called NDSL) [illegible] Loans, Income Contingent Loans [illegible] benefits described in Paragraph [illegible] of this Note.

**XIV. CREDIT BUREAU NOTIFICATION:** [illegible] ment will be reported to one or more [illegible] organizations. If I default on the loan, the Lender, holder, or PHEAA will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The Lender, holder or PHEAA must notify me [illegible] in advance that information about the default will be disclosed to credit bureau [illegible] unless I enter into repayment on the loan within 30 days. The [illegible] response to a request from any credit bureau organization regarding objections [illegible] that organization about the accuracy and completeness of information reported about [illegible]

**XV. GENERAL:** [illegible] I agree to use all of the proceeds of the loan [illegible] for tuition and other reasonable expenses incurred by me in attending a participating [illegible] further agree to observe and comply with all rules and regulations adopted by PHEAA relating to the GSLP and advise PHEAA and the Lender promptly in writing of any changes in my name, address, school enrollment or deferment status. (2) I hereby authorize the [illegible] disbursements by check payable jointly to me and the school where I am enrolled and [illegible] information concerning my enrollment status and address from the school [illegible] The loan check will require my endorsement and the Lender will mail the check to the school. (3) I acknowledge that pursuant to the Act of August 7, 1963, P.L. 549, I am legally obligated to pay this Note even though I may be less than 21 years of age.

For value received, we hereby assign all our right, title, and interest in the within note to the [illegible] without warranty and without recourse.

Pennsylvania Higher Education Assistance Agency

[signature]

Signature

## GSLP BORROWER CERTIFICATION

[illegible] under penalty of perjury under the laws of the United States of America that the [illegible] true and correct [illegible] the borrower [illegible] certify that the information contained in this application [illegible] complete and correct to the best of my knowledge and belief and is made in good faith.

[illegible] paid after termination of my enrollment. I authorize the [illegible] which I am enrolled or intend to be enrolled and the Lender to release to PHEAA [illegible] records [illegible] of the school [illegible] eligibility for loan assistance [illegible] laws [illegible] Lender any [illegible] from the proceeds of this loan [illegible] application for obtaining my [illegible] information relating to this loan [illegible] collection of the loan. The information [illegible] prospective holders of this [illegible] Loan Program (GSLP) to schools [illegible] factors which [illegible] PHEAA [illegible] state agencies, or private parties [illegible] to assist in [illegible] consent. PHEAA will not [illegible] the application and [illegible] this application will be used solely for [illegible] named herein while I am attending [illegible] at least a half-time basis unless I change schools and PHEAA authorizes [illegible] proceeds at the new school after PHEAA is provided with proper certification [illegible] as at least a half-time student at the new school [illegible] basis for the enrollment [illegible] and confirm that [illegible] confirm that all loan funds [illegible] educational expenses [illegible] the Lender and that I will [illegible] promptly returned. For any [illegible] and confirm that it is a [illegible] length of which will be [illegible] occurs after termination of my enrollment at least a half-time [illegible] and that such repayment will be in accordance with [illegible] that I am not in default [illegible] Contingent [illegible] under the [illegible] the "Statement [illegible] penalties for [illegible] understand [illegible] approved loan [illegible] I understand [illegible]

For value received and transfers hereby assigns title and interest arising from this note to [signature] without recourse or warranty.

For value received, we hereby assign all our right, title and interest in the within note to the Pennsylvania Higher Education Assistance Agency without warranty and without recourse.

Student Loan Marketing Association

APR 12 1991

Date

Authorized Signature

[signature]

Signature

[illegible] OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE, YOU ARE AGREEING TO THE ABOVE TERMS [illegible]

JS 44
(Rev. 12/96)

00-6175

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

LORENA A. PEELER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B: Broward 0:00cv6175 | Zloch Seltzer

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305) 961-9377
99 NE 4TH STREET, SUITE 300
MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
B [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
B ☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**A REAL PROPERTY**
☐ 210 Land Condemnation
B ☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**A TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
B ☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
B ☐ 530 General
A ☐ 535 Death Penalty
B ☐ 540 Mandamus & Other
B ☐ 550 Civil Rights
B ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
B ☐ 610 Agriculture
B ☐ 620 Other Food & Drug
B ☐ 625 Drug Related Seizure of Property 21 USC 881
B ☐ 630 Liquor Laws
B ☐ 640 R.R. & Truck
B ☐ 650 Airline Regs
B ☐ 660 Occupational Safety/Health
B ☐ 690 Other

**A LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
A ☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**B SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
A ☐ 870 Taxes (U.S. Plaintiff or Defendant)
A ☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
B ☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions
A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4) (d)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $4,730.99 + interest & costs

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 1/31/00

SIGNATURE OF ATTORNEY OF RECORD [signature] MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______